UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HONN DAVID SOK,

    Petitioner,

v.

KENNETH ROMANOWSKI,

    Respondent.

_____/

Case No. 1:05-CV-495

HON. ROBERT HOLMES BELL

**ORDER**

This matter is now before the court on petitioner's second motion for evidentiary hearing (docket no. 25). The court denied petitioner's first motion for an evidentiary hearing as premature, because respondent had not yet filed his answer and transcript of the state-court proceedings. Those materials have now been filed. In the second motion, petitioner has presented three affidavits, two from his brothers and one from his brother's girlfriend. *See* Affidavits of Saroun Timmy Sok, Sareth Anthony Sok, and Vicky Sin attached to petitioner's motion; *People v. Sok*, No. 249057 (Mich. App. Oct. 12, 2004) (identifying affiants) (docket no. 22).

Petitioner's trial commenced on March 25, 2003. The jury began its deliberation on March 26th and reached a verdict on March 27th. *See* docket no. 14. Petitioner was sentenced on May 5, 2003. *Id.* He requested appointment of an appellate attorney and filed an appeal on or about May 20, 2003. *See* docket no. 22. Petitioner's appellate counsel was appointed on May 27, 2003. *Id.* Counsel filed a brief on January 14, 2004. *Id.*

In an affidavit dated February 19, 2004, Saroun Timmy Sok stated in pertinent part as follows:

1. On March 26, 2003, I was sitting in the hallway outside the courtroom of the Honorable Edward R. Post, Circuit Court Judge -- Grand Haven, Michigan, with Sareth Anthony Sok and Vicky Sin.

2. During a recess in the proceedings, I observed Detective David Baker Blakely, who sat next to the prosecuting attorney throughout the trial and himself was called as a witness, speaking with the jury foreman in the Honn David Sok Trial.

3. This matter did not come up until after the trial of Honn [D]avid Sok.

4. When the significance of what I saw became apparent, I made [several] attempts to contact William H. Archer, the appellate attorney for Honn David Sok, and inform him of the conversation I witnessed between Detective Blakely and the jury foreman, but I was only able to speak with Mr. Archer's secretary -- Mr. Archer was out of his office.

5. While I left my name and telephone number with Mr. Archer's secretary, he did not return my calls.

The other two affidavits state the same operative facts.

In his *pro se* supplemental brief filed on April 7, 2004, petitioner first raised the claim that "the jury foreman engaged in conversation outside the courtroom with Detective Blakely, who was in charge of the investigation into the charges lodged against [petitioner], despite several admonishments by the court not to discuss the case with anyone." *See* docket no. 22. Petitioner also sought an evidentiary hearing in the Michigan Court of Appeals. *Id.* The state appellate court denied petitioner's motion. *See People v. Sok*, No. 249057 (Order, May 28, 2004).

Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts provides that:

the judge, after the answer and the transcript and record of state court proceedings are

2

filed, shall . . . determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

Evidentiary hearings are not mandatory in § 2254 cases, but are held at the discretion of the court. *See Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). 42 U.S.C. § 2254(e)(2) limits a federal court's discretion to grant an evidentiary hearing. *Id.* Here, petitioner did not develop the factual basis of his juror misconduct claim in the state court proceedings. Section 2254(e)(2) provides that if a petitioner has failed to develop the factual basis of a claim in the state court proceedings, the federal court shall not hold an evidentiary hearing on the claim unless the petitioner shows that he is relying "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." § 2254(e)(2)(A).

Petitioner has failed to demonstrate that the alleged juror misconduct "could not have been previously discovered through the exercise of due diligence." *Id.* First, petitioner has not provided the court with the date he discovered the alleged juror misconduct, other than the vague statements that he learned of this situation "[a]fter the jury returned its verdict" and that he "reported this communication to his court-appointed attorney as soon as he became aware of it." Petitioner's Memo at 2.[1] Second, petitioner has not advised the court of his efforts to investigate the matter.

Although the alleged misconduct occurred during petitioner's trial, he did not raise the issue in the trial court. Rather, petitioner first raised this issue in a *pro se* supplemental brief filed in the Michigan Court of Appeals more than one year after his trial and three months after his

---

[1] At page 2 of his memorandum, petitioner cites the court to "attached Exhibit 4 to this memorandum." The court notes that there is no Exhibit 4. The three supporting affidavits are attached to petitioner's motion. *See* docket no. 25.

3

appointed appellate counsel filed a brief on his behalf. Noticeably absent from the record is any history regarding the actual date that petitioner became aware of the alleged juror misconduct, his efforts to raise the issue in the trial court, and whether he discussed this matter with his trial counsel, his appellate counsel, or both.[2]

The three affidavits in support of petitioner's claim are not enlightening. While the affiants state that they observed the alleged juror misconduct during the second day of trial, the first person they attempted to contact was petitioner's appellate counsel. The affiants give no explanation for their failure to discuss this matter with petitioner's trial counsel. Furthermore, the affidavits are mute with respect to when the affiants informed petitioner of this incident.

Based on this record, petitioner has failed to demonstrate that he exercised due diligence in discovering the factual basis of his claim. *See* § 2254(e)(2)(A). Accordingly, petitioner's motion for an evidentiary hearing on that claim (docket no. 25) is **DENIED**.

**IT IS SO ORDERED.**


Dated:  August 2, 2006               /s/ Hugh W. Brenneman, Jr.
                                                                 Hugh W. Brenneman, Jr.
                                                                 United States Magistrate Judge

---

[2] The court notes that petitioner's appellate counsel moved to withdraw as his attorney on April 2, 2004, a few days before petitioner filed his *pro se* supplemental brief raising the juror misconduct issue. *See* docket no. 14.