UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HONN DAVID SOK,

       Petitioner,

                                            File No.  1:05-CV-495

v.

                                            HON. ROBERT HOLMES BELL

KENNETH ROMANOWSKI,

       Respondent.
                                   /

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Petitioner Honn David Sok's appeal of Magistrate Judge Hugh W. Brenneman, Jr.'s August 2, 2006 order denying Petitioner's motion for an evidentiary hearing. Petitioner's habeas corpus petition raises five grounds for relief, however, he is only seeking an evidentiary hearing with respect to his third ground for relief – that there was juror misconduct. Petitioner objects to the Magistrate Judge's finding that Petitioner "failed to demonstrate that the alleged juror misconduct 'could not have been previously discovered through the exercise of due diligence.'" (Order, Docket #30, at 3 (quoting 28 U.S.C. § 2254(e)(2)(A)(ii).) Petitioner does not object to the Magistrate Judge's order based on information before the Magistrate Judge, instead Petitioner alleges new facts. For the reasons stated below, the Magistrate Judge's order is affirmed.

      A Magistrate Judge's resolution of a nondispositive pretrial matter should be modified or set aside on appeal only if it is clearly erroneous or contrary to law.  28 U.S.C.A.

§ 636(b)(1)(A) (West 2006); FED. R. CIV. P. 72(a); W. D. MICH. LCIVR 72.3(b). The "clearly erroneous" standard applies only to the Magistrate Judge's findings of fact. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994). The Magistrate Judge's legal conclusions are reviewed under the "contrary to law" standard. *Id.* "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Petitioner does not dispute the Magistrate Judge's order on the basis of facts that were before the Magistrate Judge. In consideration of this, the Magistrate Judge's findings cannot be clearly erroneous because the findings are not in dispute with respect to the record that was presented to the Magistrate Judge. On this basis the Magistrate Judge's order is affirmed. Additionally, as analyzed below, even on consideration of the new facts alleged by Petitioner, the Magistrate Judge's order is affirmed. *See Banner v. City of Flint*, 99 F.App'x. 29, 35 (6th Cir. 2004) (unpublished) (holding that it is permissible for a district court to consider evidence that was not before the magistrate judge).

Petitioner alleges that there was juror misconduct in the trial that resulted in his conviction on March 27, 2003. Petitioner did not develop the factual basis of the juror

misconduct claim in the state court proceedings. Petitioner is seeking an evidentiary hearing to develop the factual basis of the juror misconduct claim. Section 2254(e)(2) provides:

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on--
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2254(e)(2) (West Supp. 2006). By its terms, § 2254(e)(2) does not apply unless a petitioner "failed to develop the factual basis of a claim in State court." "A defendant fails to develop the factual basis of a claim only when he is at fault for failing to develop the factual record in state court, as when he or his counsel has not exercised proper diligence, or greater fault, in failing to develop the record." *McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004) (citing *Williams v. Taylor*, 529 U.S. 420, 432 (2000)), *cert. denied*, 543 U.S. 892. "The test for 'failed to develop' is defined as a 'lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel' in his or her attempts to discover and present a claim in the state court." *McAdoo*, 365 F.3d at 500 (quoting *Williams*, 529 U.S. at 432). For purposes of § 2254(e)(2), diligence depends upon "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in the state court." *Williams*, 529 U.S. at 435. At a minimum, diligence

requires that the prisoner "seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437.

Petitioner was convicted by a jury on March 27, 2003. Petitioner states that later that day after being returned to the county jail he:

> called home from the jail and spoke with my brother, Saroun Timmy Sok, and he told me that he, my brother Anthony and Vicky Sin witnessed the Detective in charge of the case speak with one of the jury members before they were released by the judge to deliberate the case.

(Honn Sok Aff., Docket #31, at ¶ 4.) So Petitioner learned of the alleged juror misconduct on March 27, 2003. Petitioner states that he informed his trial attorney of the alleged juror misconduct on March 30, 2003. (*Id.*, at ¶ 6.) Petitioner was sentenced on May 5, 2003. Under the Michigan Court Rules in effect in 2003, Petitioner had "42 days after entry of the judgment" to make a motion for a new trial. MCR 6.431(A)(1) (2003) (amended 2006). Petitioner had ample time within the state law framework to seek an evidentiary hearing. Petitioner has failed to demonstrate that the alleged juror misconduct could not have been previously discovered through the exercise of due diligence. Therefore, even after reviewing the new facts alleged by Petitioner, the Magistrate Judge's order is affirmed.

**IT IS HEREBY ORDERED** that the Magistrate Judge's August 2, 2006 Order denying an evidentiary hearing is **AFFIRMED**.

Date:   October 11, 2006             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE